United States District Court
Southern District of Texas
**ENTERED**
February 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CORNELIO LUGO-HERNANDEZ, § <br>    Plaintiff, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> ET AL., § <br>    Defendants. § | Civil Action No. B-14-200 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Cornelio Lugo-Hernandez's First Amended Complaint (hereinafter, Lugo-Hernandez's "Complaint"). Dkt. No. 27. It is recommended that the Court dismiss Lugo-Hernandez's Complaint for failure to prosecute, or otherwise state a claim within the jurisdiction of this Court.

### I. Discussion

On August 13, 2015, Defendant United States of America filed a "Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(1) and (6) of the Fed. R. Civ. Proc." (hereinafter, the "Government's Motion to Dismiss"). Dkt. No. 35.[1] The Government's Motion to Dismiss asserts that Lugo-Hernandez has failed to state a claim within the subject matter jurisdiction of this Court. *Id*. at 1. After receiving two extensions of time to respond to the Government's Motion to Dismiss (*see* Dkt. Nos. 36-37, 44-45), Louis S. Sorola moved to withdraw as Lugo-

---

[1] Lugo-Hernandez has not properly served any other Defendant in this lawsuit. *See* Dkt. Nos. 28-29, 31-34.

Hernandez's counsel, stating that an impasse had occurred between himself and Lugo-Hernandez, making it "impossible" for them to work cooperatively together for purposes of prosecuting Lugo-Hernandez's case. Dkt. No. 46.

On November 10, 2015, the Court issued an Order granting Sorola's motion to withdraw as counsel. Dkt. No. 47. In this Order, the Court directed the Clerk of the Court to send a copy of the Government's Motion to Dismiss to Lugo-Hernandez at his place of incarceration, along with a copy of the Court's Order granting his counsel's motion to withdraw. *Id*. The Court's Order also informed Lugo-Hernandez that his deadline to respond to the Government's Motion to Dismiss would be "extended from December 9, 2015, to January 15, 2016. *Id*. Lugo-Hernandez received these documents on or about November 18, 2015. *See* Dkt. Nos. 48-49.

Despite receiving the Court's Order and the Government's Motion to Dismiss, Lugo-Hernandez did not file a response to the Government's Motion to Dismiss or any other pleading indicating that he still wished to proceed with his lawsuit. On January 19, 2016, the Court issued a Notice. Dkt. No. 50. This Notice informed Lugo-Hernandez that if he failed to file a response to the Government's Motion to Dismiss, on or before February 5, 2016, his case would be subject to dismissal. *Id*.

Due to a change of address and Lugo-Hernandez's failure to inform the Court of his change of address, Lugo-Hernandez did not get the Court's Notice dated January 19, 2015. *See* Dkt. No. 53. To account for the fact that Lugo-Hernandez did not receive the Court's Notice, the Court issued an Amended Notice on February

2, 2016. Dkt. No. 55. The Amended Notice informed Lugo-Hernandez that if he failed to file a response to the Government's Motion to Dismiss on or before February 22, 2016, his case would be subject to dismissal. *Id*. The Amended Notice was delivered to Lugo-Hernandez's current address via certified mail, return receipt requested (*see* Dkt. Nos. 56, 58), on February 9, 2016. *See* https://tools.usps.com/go/TrackConfirmAction.actiontRef=fullpage&tLc=1&text2877 7=&tLabels=70142870000135702531 (last visited February 25, 2016).

Lugo-Hernandez has not filed a response to the Government's Motion to Dismiss. In fact, he has not submitted anything for filing in this case since the Court granted his counsel's motion to withdraw on November 10, 2015. Given Lugo-Hernandez's continued failure to prosecute his case, it is recommended that the Court dismiss Lugo-Hernandez's case for failure to prosecute, or otherwise state a claim within the jurisdiction of this Court. *See* FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

## II. Recommendation

It is recommended that the Court dismiss Lugo-Hernandez's case for failure to prosecute, or otherwise state a claim within the jurisdiction of this Court.

### III.  Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 25th day of February, 2016.

_____
Ignacio Torteya, III
United States Magistrate Judge